JAMES SPENCE v. DE WITT C. BOWEN ET AL.

*Logging contracts—Construction.*

A contractor agreed to haul logs at his own expense of teams, etc. *Held* that in an action by him on the *quantum meruit*, defendants could not recover for outlays in repairing roads and sleighs, where it was not shown that plaintiff had requested it.

A logging contract provided for hauling and delivering all the logs *cut and skidded* on certain land at a stipulated rate per thousand 'according to the scale of B, who had scaled about a million feet of said logs and is expected to scale the remainder, *Held* that the contract did not cover any logs to be cut and skidded after its date, and could not be made to do so by parol evidence.

·Error to Newaygo. Submitted June 4. Decided June 10.

ASSUMPSIT. Defendants bring error.

*Albert G. Day* for plaintiffs in error. The sense

attached to a particular term in a contract may be shown by the conversation of the parties at the time it was made, *Gray v. Harper*, 1 Story, 574; Chitty on Contracts [10th Am. ed.], 112 n.

CAMPBELL, C. J.   Spence sued defendants and recovered judgment for his services in hauling logs, and some incidental expenditures on their behalf. He sued on the common counts. The work was done under a special contract, which defendants insisted he had not fully performed, and which he claimed had been interrupted by defendants. He proved the value of the work to be the same as the contract price, and the case was fairly presented to the jury on all the phases of the testimony, and instructions given which seem open to no serious objection if the court rightly construed the contract itself. The construction of the contract is the main question, and requires consideration in connection with the other facts.

In December, 1875, defendants had about a million feet of logs cut and skidded on section 9, town 13 north, of range 13 west. They were also cutting and getting out a considerably larger amount during the winter. On the 20th of December plaintiff made a written contract with them to haul and deliver logs at one dollar per thousand. The language of the part of the contract in dispute is as follows:

"Said Spence in consideration of the promises hereinafter made by said Bowen & Co., hereby agrees to haul and deliver at the rollway on White river, all the sawlogs cut and skidded by said Bowen & Co. on their land in sec. 9, town 13 N., R. 13 W., at his expense of teams, tools, board, and every thing else, except the use of the barn at the camp of said Bowen & Co. on said sec. 9, and the use of sufficient number of sleighs, same to be taken by said Spence at the camp of said Bowen & Co. on sec. 16, T. 13 N., R. 12 W., and except loading said logs on to sleighs, and unloading said logs at the rollway."

After certain further agreements as to the number of teams and expediting the work, it was provided Spence

should have one dollar per thousand feet board measure, "according to the scale of B. F. Bowen, who has scaled about one million feet of said logs, and is expected to scale the remainder, the logs to be scaled as begun by Doyle's rule."

Payments were to be made of 50 cents a thousand as hauled in quantities of 200 thousand feet; 25 cents May 1, 1876, and 25 cents June 1, for which two amounts notes were to be given as soon as the work was done and contract completed.

As the court charged that if Spence was in default he could only recover the actual value of his work done less any damages incurred by defendants, there is no error in the general rulings on that head. The defendants were rightly precluded also from recovering some outlays for repairs of roads and sleighs. They showed no request from plaintiff that they should make any such expenditures for him, and we find nothing to indicate that he ever undertook to pay any such expenses.

The evidence showed beyond dispute that he did not haul out all the logs actually cut and skidded in December; but the case was properly put to the jury upon this, on the two theories of fault on his part, and a prevention by defendants of further work without his fault.

But the court refused to allow evidence to show an understanding that the contract was to cover a further amount of undelivered logs not cut and skidded at its date, and ruled that it covered no others.

In this we think there was no error. The contract has no reference whatever to any logs to be thereafter cut, and we think it would be a direct perversion of its terms to extend it. It may be fairly assumed that parties knowing the amount and condition of logs would be able to calculate with some certainty the expense of hauling and the chances of getting them out while the roads were in proper condition. But an agreement to get out any indefinite amount to be cut in the future would subject contractors to such risks as would usually be

specially guarded against.  The contract itself identifies logs as cut and skidded.  Applied to them it is clear and consistent.  It is not competent to vary it by parol evidence, and there is no ambiguity requiring explanation or identification.

We think the contract was properly construed and that there is no error in the judgment which must be affirmed with costs.

The other Justices concurred.